9. FALSE IMPRISONMENT, § 29*—*when amount of recovery a question for jury.* In an action of trespass on the case to recover for wrongful detention, amounting to false imprisonment, the question of damages is for the jury.

10. FALSE IMPRISONMENT, § 37*—*when damages not excessive.* In an action of trespass on the case to recover for wrongful detention, amounting to false imprisonment, verdict for $775 *held* not excessive.

The People of the State of Illinois, Defendant in Error, v. Henry Jacoby, Plaintiff in Error.

Gen. No. 20,817.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 16, 1916.

## Statement of the Case.

Information by the People of the State of Illinois charging Henry Jacoby with petit larceny.   A jury having been waived, the trial proceeded to hearing before the court alone, who found defendant guilty as charged, and sentenced him to the House of Correction for three months and to pay a fine of one dollar and costs.

Defendant seeks a reversal because, as he alleges, there is no proof that he committed the crime of petit larceny as charged.

Defendant makes the further point, that the amended information was defective in that it was not filed until all the evidence had been heard.

J. O. Kuntz, the complaining witness, testified that while riding on a street car at 35th street in the City of Chicago, on September 11, 1914, he suddenly found

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that his pocketbook was missing; that he saw defend-
ant jump off the car; that he caused the car to stop
as soon as possible, and ran back in the direction the
defendant had taken; that when he neared the de-
fendant, he saw him "with the pocketbook in his
hand; that he grabbed him and said, "Give her here,"
and that defendant handed him his pocketbook; that
he took hold of defendant and inquired for an officer,
when one Burgess stepped up and said, "Let me have
him," whereupon Kuntz turned defendant over to Bur-
gess, who, the evidence shows, represented himself to
be an officer; that a police officer then arrived on the
scene, to whom Kuntz related the incident; that he
took defendant into custody, and when he found that
Burgess had represented himself to be an officer and
in fact was not, arrested him also; that Burgess re-
sisted strenuously; that finally, with the assistance of
another officer, the two were arrested.

Defendant testified that he resided in the vicinity of
35th street, and at the time in question was crossing
the street; that just as he reached the middle of the
street, he stooped down and picked up a pocketbook,
and just as he did so, Kuntz grabbed him; that the
"other fellow came running over—the big fellow that
was standing on the corner" (Burgess) and that a
struggle followed, and that was all he knew; that he
was not riding on any car that day. On cross-exam-
ination he admitted knowing Burgess.

Burgess, who also testified, stated that on the night
in question he was standing on the corner; that there
was a man crossing the street on a run; that "he ran
right up to this young fellow here" (defendant); that
"it seemed like as if he was stooping down, and he
(Kuntz) jumped right on his back and he knocked him
down, and then four or five colored fellows came along
there, and I went over there and recognized this young
fellow (defendant) as being a boy that I knew ever

since he was a kid;" that he said, "What is the matter?" and defendant replied, "I don't know, this fellow jumped on me;" that he then said, "Let me have him;" that he was merely trying to find out what had happened; that finally defendant said, "Well, it is all right," and that defendant then handed Kuntz something, but what it was he did not know. Burgess also denied having represented that he was a police officer.

LEE, BUCKLEY & MURPHY, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1301*—*when judgment presumed to have been based on competent evidence.* On a trial without a jury it is presumed on a writ of error that the trial court, in entering judgment, considered only the competent evidence.

2. INDICTMENT AND INFORMATION, § 13*—*when delay in filing amended information.* On a prosecution for petit larceny where the crime is sufficiently charged in the original information, it is not a ground for reversal that an amended information was not filed until all the evidence had been heard.

3. CRIMINAL LAW, § 409*—*when point not raised on trial not considered on appeal.* An objection to an amended information that it was not filed until after the evidence had been heard will not be considered on a writ of error when the point was not raised below.

4. LARCENY, § 35*—*when evidence sufficient to support verdict.* On a prosecution for petit larceny, evidence examined and *held* to support a finding of guilty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.